**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 0:14-cv-62716-DPG |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST-CITIZENS BANK TRUST | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff, Hawk Technology Systems, LLC ("Hawk"), hereby moves for entry of an order striking Defendant, First-Citizens Bank Trust Company's, ("First-Citizens" or "Defendant") first, second, third, sixth, seventh and eighth affirmative defenses, and files this memorandum in support.

## I. INTRODUCTION

Hawk filed its Amended Complaint in this action on December 1, 2014, alleging direct infringement of Hawk's patent, United States Patent No. RE43,462 ("the '462 Patent"), against First-Citizens.  On January 29, 2015, First-Citizens filed its Answer to Hawk's Complaint and asserted 8 affirmative defenses.  First-Citizens's alleged defenses are mere conclusory statements which are insufficiently pled and should be stricken.

To the extent this Honorable Court allows First-Citizens to replead its affirmative defenses, First-Citizens should be required to sufficiently plead each separate defense such that Hawk has fair notice of the defense being asserted.

1

## II.  LEGAL STANDARD

As explained by this Court in *Castillo v. Roche Labs. Inc.*, 2010 WL 3027726, *1 (S.D. Fla. Aug. 2, 2010), "Federal Rule of Civil Procedure 12(f) provides that the court may strike from a pleading *an insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter."  Affirmative defenses are considered "insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which requires 'a short and plain statement' of the defense."  *Id.  citing Voter Verified, Inc. v. Election Sys. & Software,* No. 6:09–cv–1969–Orl–19KRS, 2010 U.S. Dist. LEXIS 63679, at *3–4, 2010 WL 2243702 (M.D. Fla. June 4, 2010).

This Court recognized that the United States Supreme Court "clarified the pleading specificity standard" in *Twombly* and *Iqbal* "explaining that '[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id. citing Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).  Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id. citing Twombly,* 550 U.S. at 555; *accord Mid–Continent Casualty Co. v. Active Drywall South, Inc.,* 765 F.Supp.2d 1360, 1361, 2011 WL 679850 *1 (S.D.Fla. 2011) ("[a]lthough an affirmative defense 'does not need detailed factual allegations, it requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"); *Holtzman v. B/E Aerospace, Inc.,* No. 07–80551, 2008 U.S. Dist. LEXIS 42630, at *6 (S.D.Fla. May 28, 2008) ("While Defendants need not provide detailed factual allegations, they must provide more than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery.")

### III. ARGUMENT

#### A. First-Citizens's First Affirmative Defense is Merely a General Denial Set Forth as an Affirmative Defense and Should be Stricken

First-Citizens's first affirmative defense is nothing more than a denial. Specifically, First-Citizens alleges that it "does not infringe, and has not infringed, under any theory of infringement, any valid and/or enforceable claim of the '462 Patent." Here, First Citizens denied the infringement in its Answer. The denial in the first affirmative defense is redundant and should be stricken. Further, mislabeling a denial as an affirmative defense confuses the issues in the case. To explain, Plaintiffs bear the burden of proof on their affirmative claims. Defendants bear the burden of proof on true affirmative defenses (i.e., defenses that constitute legally cognizable avoidances or justifications.) If a denial is an affirmative defense, the Defendant should carry the burden of proof on it. It is not a defense and instead Plaintiff must prove its claim by a preponderance of the evidence. Finally, there cannot possibly be a separate jury instruction on this the defense of a denial. Instead, if Plaintiff fails to prove its case then the "I did not do it defense" is established. Again, this defense should be stricken under Rule 12(f) because it is redundant and confusing.

#### B. First-Citizens's Second Affirmative Defense Also Fails to Meet the Pleading Requirements of Rule 8(a) and Should be Stricken

For its second affirmative defense, First-Citizens states that "[e]ach asserted claim of the '462 Patent is invalid for failure to comply with one or more of the requisite statutory and/or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto." This defense does not set forth *any* facts which explain why the '462 Patent is invalid. From the defense, it is impossible to tell why First-Citizens

3

believes the '462 Patent is invalid. Chapter 35 contains a dozen or so bases upon which to invalidate a patent. Each basis requires particular facts be proved to support the defense. None of those facts have been pled. In *Worldtech Systems, Inc. v. Integrated Network Solutions, Inc.*, 609 F.3d 1308 (Fed.Cir. 2010) the Federal Circuit, which has exclusive jurisdiction over patent appeals, held that a conclusory invalidity defense *exactly* like the one at issue here provides "little notice" to the patent holder of what the defense is asserting. The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) made crystal clear that *facts* which make a claim (or defense) "plausible" must be plead. No facts were pled here.

In *Omega Patents, LLC v. Lear Corp.*, No. 6:07-cv-1422-Orl-31DAB, 2007 WL 4247674 (M.D. Fla. Nov. 30. 2007), the Court struck a counterclaim asserting that a patent "is invalid for failure to satisfy one or more requirements for patentability set forth in the patent laws of the United States, Title 35 of the United States Code,  including but not necessarily limited to the requirements set forth in §§ 102, 103, and/or 112." (Doc. 9 at 5-6)." The *Omega* Court opined "this 'counterclaim' fails to rise even to the level of a conclusory assertion and will be stricken." *See also*, *Automated Transaction Corp. v. Bill Me Later, Inc.* 2010 WL 3419282, * 4 (S.D. Fla. 1010) (striking the exact same conclusorily pled invalidity defense as is alleged here on the basis that it violates the one claim per rule defense rule set forth in Fed.R.Civ.P. 10(b)).

The Court in *Groupon, Inc. v. MobGob, LLC,* No. 10 C 7456, 2011 WL 2111986, *1-5 (N.D. Ill. May 25 2011) also struck an affirmative defense and counterclaim both of which stated "the '343 Patent is invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103 and 112 and 116." Significantly, the counterclaim in *Groupon* incorporated general allegations from the complaint

4

like First-Citizens did here. The *Groupon* Court held that the affirmative defense and counterclaim were "clearly" "insufficient on their face." *Accord, Reid Ashman Mfg, Inc. v. Swanson Semiconductor Service, LLC¸ 2007 WL 1394427* (N.D. Cal. 2007) (striking an identical invalidity affirmative defense and opining that even under "notice pleading requirements" "it does not provide . . . sufficient notice."); *PB Farradyne, Inc. v. Peterson*, 2006 WL 132182 (N.D. Cal. 2006) (same); *Genetic Technologies, Ltd. v. Interleukin Genetics, Inc.,* 2010 WL 3362344, *1-2 (W.D. Wis. 2010) (striking identical invalidity defense and opining that it "cannot treat this conclusory allegation [invalidity citing to Chapter 35] as true," and finding that "at no point does defendant allege any facts that would suggest why the patent" is invalid.); *Unigene Laboratories, Inc. Apotex, Inc.,* 2010 WL 2730471, *3 (S.D. N.Y. 2010) (striking identical invalidity defense and opining "this is a broad general statement encompassing all defenses under the patent laws and does not comply with Rule 8(a)(2) or 8(d)(1)."); *Sorenson v. Spectrum Brands, Inc.,* 2009 WL 5199461, *1 (S.D. Cal. 2009) ("Here, Count II . . . is nearly devoid of factual assertions. Defendant only alleges that 'the claim of the '184 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.' This threadbare statement is precisely the type of allegation that is insufficient . . . under the *Iqbal* standard."); *Duramed Pharmaceuticals, Inc. v. Watson Laboratories, Inc.,* 2008 WL 5232908, *4 (D. Nev. 2008) (striking an identical invalidity defense and opining that it was insufficient under *Iqbal.*); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.,* 531 F.Supp.2d 620 (S.D. N.Y. 2008)(striking identical invalidity defense and opining that "Clariti merely assets these claims and defenses without alleging even general facts to support them. In fact, Clariti assert *no* facts, nor does Clariti even refer to the elements of the various affirmative defenses. Mere conclusory assertions are not sufficient."); *Bartronic, Inc. v. Power-One, Inc.*, 245 F.R.D. 532 (S.D. Ala. 2007) (dismissing counterclaims pleading invalidity

by merely citing to §103 and §112 on the basis that they were pled in an entirely conclusory fashion, with no supporting facts of any kind.); *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615 (D.Kan. 2006) (striking identical affirmative defense and finding that it was "fatally vague"); *Hazelquist v. Guchi Moochi Tackle Co., Inc.* , 73 U.S.P.Q.2d 1314 (W.D. Wash. 2004) (defendant was ordered to provide a more definite statement after pleading an identical defense to the one at issue here.); *Qarbon.com, Inc. v. eHelp Corp.*, 315 F.Supp.2d 1046 (N.D. Cal. 2004) (holding that an identical affirmative defense was "radically insufficient" and the "Court would not accept wholly conclusory allegations.")

### C. First-Citizens's Third Affirmative Defense is Insufficiently Pled and Should be Stricken

First-Citizens's third affirmative defense is equally ambiguous. First-Citizens states only that "Plaintiff's claims are barred in whole or in part based on prosecution history estoppel." First-Citizens failed to indicate which of Hawk's statements to the USPTO should lead to estoppel. This purported defense is simply too indefinite to meet the pleading requirements of Rule 8(a) which this Court has interpreted as applying to affirmative defenses. *See, e.g., Castillo v. Roche Labs. Inc.*, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010).

### D. First-Citizens's Sixth Affirmative Defense is Insufficient to Meet the Pleading Requirements of Rule 8(a) and Should be Stricken

First-Citizens's sixth affirmative defense suffers the same infirmities and should be stricken. In fact, its sixth affirmative defense, setting forth various equitable defenses, alleges that Hawk's claims are unenforceable because of "laches, waiver, estoppel (including legal estoppel, equitable estoppel, and/or implied license by estoppel), acquiescence" and/or any "other equitable doctrines" which First-Citizens fails to cite. First-Citizens provides no hint of

why any of these equitable defenses might or might not apply, relying instead on boilerplate language which this Court has held is insufficient to properly plead an affirmative defense.

For example, in *Lynch v. Cont'l Grp., Inc.*, 2013 WL 166226, *4 (S.D. Fla. 2013), this Court struck a similar boilerplate defense consisting of "laches, waiver, estoppel and unclean hands" where the defendant "ha[d] not pled facts to support it." *Id.* This Court provided that the defendant could replead if the defendant could "allege facts sufficient to establish each element of each of the four defenses that have been rolled into this one defense." *Id.*

Further, certain equitable defenses such as estoppel, waiver and laches require additional elements be pled. Indeed, "[i]n the context of patent infringement, the three elements of equitable estoppel that must be established are: (1) the patentee, through misleading conduct, led the alleged infringer to reasonably believe that the patentee did not intend to enforce its patent against the infringer; (2) the alleged infringer relied on that conduct; and (3) due to its reliance, the alleged infringer would be materially prejudiced if the patentee were permitted to proceed with its charge of infringement." *IMX, Inc. v. E-Loan, Inc.*, 748 F.Supp.2d 1354, 1359 (S.D. Fla. 2010). Here, First-Citizens has failed to allege that Hawk engaged in (1) any misleading conduct, (2) that First-Citizens relied on that conduct, or (3) any material prejudice as a result of First-Citizens's reliance on such misleading conduct.

In *IMX*, the court did not strike the defendant's estoppel defense finding instead that the defendant "sufficiently alleged prejudice" and "also […] E-Loan has sufficiently alleged reliance." *Id.* at 1360. In stark contrast to the instant action, the defendant in *IMX* provided a factual basis for reliance to support its estoppel defense: a prior "Stipulated Order of Dismissal" and the plaintiff's silence on the issue of infringement for "five and a half years." *Id.* Here, First-Citizens provides no factual basis for its allegation of estoppel and makes only a conclusory statement that Hawk is estopped.

On the other hand, with respect to the defendant's waiver defense, the *IMX* court did find the defense to have been insufficiently pled. The court noted that "waiver of the statutory right to exclude others from making, using, selling, offering to sell, or importing, the patented invention" is signified by "[a]n implied license." *Id. citing Winbrand Elecs. Corp. v. Int'l Trade Com'n*, 262 F.2d 1363, 1374 (Fed.Cir.2001). "[I]mplied licenses arise by acquiescence, by conduct, by equitable estoppel ..., or by legal estoppel." *Id. citing Wang Labs, Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1580 (Fed.Cir. 1997). "Regardless of the type of implied license at issue, in considering whether there is an implied license there must be "an affirmative grant of consent or permission to make, use or sell: i.e., a license." *Id. citing Wang Labs, Inc.*, 103 F.3d at 1581. The *IMX* court held that E-Loan's "defense [was] is insufficient because [it] d[id] not allege that Plaintiff's conduct or statements gave them the required affirmative grant of consent or permission." *Id.* The same is true with respect to First-Citizens's affirmative defense. First-Citizens failed to allege that Hawk's conduct or statements gave them the requisite grant of consent or permission to support a waiver defense.

Finally, to adequately plead an affirmative defense of laches, a party must allege facts showing: (1) "the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant," and (2) "the delay operated to the prejudice or injury of the defendant." *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992). Further, "some factual support for [its] laches claim is both necessary and within [First-Citizens's] ability to plead even absent discovery." *Barnes & Noble, Inc. v. LSI Corp.*, 849 F.Supp.2d 925, 941 (N.D. Cal. 2012) (Emphasis added.), *citing Raychem Corp. v. PSI Telecommunications, Inc.*, 1995 WL 108193, *4 (N.D. Cal. 1995) (striking laches defense where "there are no facts stated in [defendant's] Answer which support a laches defense"), *and Hynix Semiconductor Inc. v.*

8

*Rambus Inc.*, 2007 WL 4062845, *2 (N.D. Cal. 2007) (defending utility of striking affirmative defenses in patent cases where no facts are alleged, to ensure that plaintiff has fair notice of claims). *See also Iguana, LLC v. Lanham*, 628 F.Supp.2d 1361, 1371-72 (M.D. Ga. 2008) (holding laches claim insufficient where allegations failed to support either unreasonable delay or prejudice elements of laches).

Here, there are no dates or other allegations supporting - or even suggesting - either the first element of laches (which would pertain to Hawk's alleged unreasonable delay in filing suit), or the second (which would pertain to any purported prejudice or injury to First-Citizens).

For these reasons, First Citizens's sixth affirmative defense should be stricken.

### E. First-Citizens's Purported Seventh Affirmative Defense is Not a Legally Cognizable Affirmative Defense and Should be Stricken

First-Citizen's seventh affirmative defense alleges that "Plaintiff's attempted enforcement of the '462 Patent against First Citizens is barred by the doctrine of prosecution laches in light of the Plaintiff's unreasonable and unexcused delay in advancing the application that eventually issued as the '462 Patent." First-Citizens appears to be suggesting that Hawk's patent application took too long during prosecution and therefore should not have issued.  Regardless of First-Citizens's feigned concern, the United States Patent and Trademark Office *did* issue the patent. Further, this so-called defense is not a legally cognizable affirmative defense and should be stricken.  Indeed, even if it were an actual defense (which it is not) First-Citizens fails to explain why "the application that eventually issued the '462 Patent" took an "unreasonable" or inexcusable amount of time to issue.

**F. First-Citizens's Eighth Affirmative Defense Should be Stricken Because It Cannot Possibly Prove Any Set of Facts to Support its Allegations**

For its Eighth Affirmative Defense, First-Citizen states that "[a]t least some of the claims asserted against First Citizens in the Amended Complaint are barred, or at the very least limited, under the doctrines of express or implied license, patent exhaustion, and/or first sale." First-Citizens cannot possibly satisfy the pleading requirements of Rule 8(a) because it cannot possibly prove- nor has it alleged- any facts to explain its allegations that a license was granted to it by Hawk or that Hawk sold any commercial embodiments such that the doctrines of patent exhaustion or first sale would apply to this case.

Further, this purported defense is impossibly ambiguous because there are four different types of legally cognizable bases for the creation of an implied license: (1) legal estoppel, (2) equitable estoppel, (3) conduct, and (4) acquiescence.  First-Citizens fails to identify which basis they are alleging led to the implied license. Regardless, each of these theories requires the parties to have interacted with each other prior to this lawsuit. Here, the parties did not have any such interaction and First-Citizens does not allege any such interaction occurred.  Nor could First Citizens make any such allegation because the parties were complete strangers prior to this lawsuit.

Additionally, the doctrines of patent exhaustion and first sale are only applicable in cases where a patent holder sells commercial embodiments and later claims that the reselling of the good violates its patent right.  Hawk has never sold a commercial embodiment of the patent. Again, First-Citizens fails to allege- and cannot possibly allege- that Hawk first sold any items.

It is clear that First-Citizens has not done any due diligence with respect to this defense and it is instead a boilerplate defense which should be stricken. *See Castillo v. Roche Labs. Inc.*, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010).

## IV. CONCLUSION

For each of the foregoing reasons, Hawk respectfully requests this Court grant its motion to strike First-Citizens's first, second, third, sixth, seventh and eighth affirmative defenses.

**WHEREFORE,** Plaintiff, Hawk Technology Systems, LLC, respectfully requests entry of an order granting Hawk's Motion to Strike First-Citizens's Affirmative Defenses and granting Hawk such other and further relief as this Court deems just and proper.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.  Defense counsel did not agree to the relief requested herein.

Dated:  February 12, 2015

Respectfully submitted,

By: */s/ Angela M. Lipscomb*
Angela M. Lipscomb (31111)
Alipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd., Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

11

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this February 12, 2015, a true and correct copy of the foregoing was filed with the Clerk of the Court and served on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing system.

By:     <u>/s/ *Angela M. Lipscomb*</u>
Angela M. Lipscomb